**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC WATERMAN,<br><br>Plaintiff,<br><br>v.<br><br>GCP APPLIED TECHNOLOGIES INC., PETER A. FELD, SIMON BATES, JANET P. GIESSELMAN, CLAY KIEFABER, ARMAND F. LAUZON, MARRAN OGILVIE, ANDREW M. ROSS, LINDA J. WELTY, and ROBERT H. YANKER,<br><br>Defendants. | Case No. ___________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 6, 2021 (the "Proposed Transaction"), pursuant to which GCP Applied Technologies Inc. ("GCP" or the "Company") will be acquired by Compagnie de Saint-Gobain S.A. (the "Guarantor"), Cyclades Parent, Inc. ("Parent"), and Cyclades Merger Sub, Inc. ("Merger Sub").

2. On December 5, 2021, GCP's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Guarantor, Parent, and Merger Sub. Pursuant to the terms of the Merger Agreement, GCP's stockholders will receive $32.00 in cash for each share of GCP common stock they own.

3. On January 18, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of GCP common stock.

9. Defendant GCP is a Delaware corporation and a party to the Merger Agreement. GCP's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "GCP."

10. Defendant Peter A. Feld is Chairman of the Board of the Company.

11. Defendant Simon Bates is President, Chief Executive Officer, and a director of the Company.

12. Defendant Janet P. Giesselman is a director of the Company.

13. Defendant Clay Kiefaber is a director of the Company.

14. Defendant Armand F. Lauzon is a director of the Company.

15. Defendant Marran Ogilvie is a director of the Company.

16. Defendant Andrew M. Ross is a director of the Company.

17. Defendant Linda J. Welty is a director of the Company.

18. Defendant Robert H. Yanker is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

20. GCP is a leading global provider of construction products technologies that include admixtures and additives for concrete and cement, the Verifi® in-transit concrete management system, high-performance waterproofing products, and specialty construction products.

21. On December 5, 2021, GCP's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, GCP's stockholders will receive $32.00 in cash per share.

23. According to the press release announcing the Proposed Transaction:

> The agreed upon price represents a premium of 39% above the volume-weighted average price per GCP share for the 30-trading days ended on the undisturbed date

> of November 30, 2021. The business combination has been unanimously approved by the Boards of Directors of Saint-Gobain and GCP Applied Technologies respectively. Saint-Gobain has obtained undertakings from Starboard and Standard Investments (formerly known as 40 North) / Standard Industries to vote their respective stakes of 8.9% and 24.2% in favor of the transaction.
>
> Closing of the transaction is subject to GCP Applied Technologies shareholders' approval, antitrust approvals and satisfaction of other customary closing conditions with closing expected in the second half of 2022. . . .
>
> RBC Capital Markets, LLC is acting as financial advisor, and Latham & Watkins LLP is acting as legal counsel to GCP in connection with the transaction.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Proxy Statement omits material information.

26. First, the Proxy Statement omits material information regarding the Company's financial projections.

27. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, RBC Capital Markets, LLC ("RBC").

30. With respect to RBC's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

31. With respect to RBC's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) RBC's basis for selecting the multiples used in the analysis; (iii) the individual inputs and assumptions underlying the discount rates; (iv) the net debt and non-controlling interested used in the analysis; and (v) the diluted share information used in the analysis.

32. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33. Third, the Proxy Statement fails to disclose the amount of compensation RBC received for the "investment banking, commercial banking and financial advisory services" it previously provided to GCP and its affiliates.

34. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

35. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and GCP

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in

light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. GCP is liable as the issuer of these statements.

38. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

41. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of GCP within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of GCP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and

proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 21, 2022

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*

Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*